GAETANA MAZZOLA, Appellant, v. MARY MAZZOLA, Respondent.— In an action upon a promissory note, plaintiff appeals from an order of the Supreme Court, Kings County, dated March 23, 1972, which denied his motion for summary judgment in lieu of a complaint, pursuant to CPLR 3213. Order reversed, with $10 costs and disbursements, and motion granted. In our opinion, it was incumbent upon defendant to come forward with matter of an evidentiary nature to demonstrate the presence of triable issues. This the defendant failed to do. She failed to support by the requisite evidentiary demonstration her contention that a triable issue of fact exists, thereby precluding summary judgment relief. The motion should have been granted (*Steingart Assoc.* v. *Sandler,* 28 A D 2d 801; *Holdridge* v. *Town of Burlington,* 32 A D 2d 581). Hopkins, Acting P. J., Martuscello, Latham and Brennan, JJ., concur; Benjamin, J., dissents and votes to affirm, with the following memorandum: This is an action on a $10,000 promissory note allegedly executed by defendant and her husband in favor of defendant's mother-in-law in January, 1969. Sometime thereafter, defendant and her husband became estranged and she is now suing him for a divorce. In the spring of 1971 defendant's husband (plaintiff's son) filed a petition in bankruptcy; he scheduled debts owed to defendant's mother, but his schedules did not list the note involved in this action; and, as a result, his subsequent discharge in bankruptcy wiped out his obligations to defendant's mother, but did not affect the note on which plaintiff now sues, without joining her son as a defendant. Opposing plaintiff's motion for summary judgment, defendant claims that she is ignorant of the circumstances surrounding the alleged execution of this note and suggests that all moneys that may have been owed to plaintiff were, in fact, repaid to her; and she says that her estranged husband told her this action was commenced to harass her and compel her to accede to his demands in the pending divorce action. Further clouding this action are indications in the record that defendant's husband has been helping his mother in the prosecution of this suit (on a note signed by him as well as defendant) by furnishing her with documents helpful to her cause. On this record, Special Term denied plaintiff's motion for summary judgment. In my opinion, that determination was eminently correct and the interests of justice require that there be a full airing of the facts at a plenary trial before a judgment is rendered.